Joe Allen SPARKMON, Appellant,

v.

The STATE of Texas, Appellee.

No. 43123.

Court of Criminal Appeals of Texas.

Oct. 21, 1970.

M. S. Morgan, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Don Lambright, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, enhanced under the provisions of Article 62, Vernon's Ann.P.C., life.

Trial was before the court upon a plea of not guilty after trial by jury was personally waived by the appellant.

Initially appellant challenges the sufficiency of the evidence to sustain the conviction. Elbert Pike testified he and Chester Brockman were operating a service station on March 31, 1969, at Homestead and Ley Roads in Harris County, Texas. He related that at 11 p. m. on that date the appellant and another individual entered the said station and pulled guns on him and Brockman. Pike, the complaining witness, also testified that the money was taken from him without his consent and while he was in fear of his life or serious bodily injury. He revealed that while the appellant held a gun on Brockman the other person, the shorter (in height) of the two, struck him in the head which necessitated eight stitches being taken in his head by the doctor.

Brockman corroborated Pike's testimony.

We find no support for appellant's claim that the evidence shows Pike as describing the appellant as the shorter of the two men while Brockman related he was the taller of the two. The evidence clearly shows the appellant's guilt as a principal to the crime charged.

Ground of error #1 is overruled.

Relying upon cases decided under the former Code of Criminal Procedure, the appellant urges he should not have been allowed to waive trial by jury upon his plea of not guilty before the court. His trial before the court on September 24, 1969, after waiver of jury trial renders his contention without merit. See Article 1.13, Vernon's Ann.C.C.P., and Special Commentary thereto.

Ground of error #2 is overruled.

The judgment is affirmed.